IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

URBAN OAKS BUILDERS LLC, Debtor.

CHAPTER 11 CASE

CASE NO. 18-34892 (S.D. Tex.)

---

SOUTHSTAR CAPITAL GROUP, I, LLC,
COTTINGTON ROAD TIC, LLC, and
DURBAN ROAD TIC, LLC,

    Plaintiffs,
vs.

1662 MULTIFAMILY LLC, HINES 1662
MULTIFAMILY, LLC, HINES
INVESTMENT MANAGEMENT
HOLDINGS LIMITED PARTNERSHIP,
HIMH GP, LLC, HINES INTEREST
LIMITED PARTNERSHIP, JCH
INVESTMENTS, INC, and URBAN
OAKS BUILDERS LLC

    Defendants.
_____/

CASE NO. 6:18-CV-1453-ORL-31-GJK

(Case No. 2018-CA-415-OC,
Circuit Court of the Ninth Judicial
Circuit, Osceola County, Florida)

## NOTICE OF REMOVAL

Defendant Urban Oaks Builders LLC ("UOB" or "Debtor"), files this Notice of Removal from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, to this Court pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027.

This is a construction defect case filed by Plaintiffs Southstar Capital Group, I, LLC, Cottington Road TIC, LLC, and Durban Road TIC, LLC (together, the "Plaintiffs"). Plaintiffs alleged that certain construction defects existed at an apartment project UOB built as the general contractor and completed in 2016. As part of this lawsuit, Plaintiffs have also brought claims against entities related to or affiliated with UOB. *See generally*, Complaint. UOB answered

38404630

some of Plaintiffs' claims and moved to dismiss others. Now, because of pending liabilities in relation to this lawsuit and because of UOB's insurers failure to commit to covering Southstar's claims against UOB as required by their agreements, UOB seeks to remove this case to federal court after the filing of Chapter 11 bankruptcy.

In support of removal, UOB would show the following:

### I. BACKGROUND

1. Debtor Urban Oaks Builders LLC is a Delaware limited liability company, with its principal place of business in Houston, Texas. (Compl. ¶ 8.)

2. Upon information and belief, and at all times material hereto, Plaintiff Southstar Capital Group, I, LLC ('Southstar") is a Florida limited liability company. (Compl. ¶ 15.) Southstar owns, operates or manages at least six apartment complexes in both Texas and Florida. Four of Southstar's apartment complexes are located in the Greater Houston Area, and the remaining two are located in Florida.[1]

3. Upon information and belief, and at all times material hereto, Plaintiff Cottington Road TIC, LLC is a Delaware limited liability company. (Compl. ¶ 5.)

4. Upon information and belief, and at all times material hereto, Plaintiff Durban Road TIC, LLC is a Delaware limited liability company. (Compl. ¶ 6.)

5. Defendant Hines Interests Limited Partnership is a Texas limited partnership. Defendant 1662 Multifamily LLC ("1662 Multifamily") is a Delaware limited liability company. (Compl. ¶ 14.) Defendant Hines 1662 Multifamily, LLC is a Delaware limited liability company. (Compl. ¶ 8.) Defendant Hines Investment Management Holdings Limited Partnership is a Texas limited partnership. (Compl. ¶ 10.) Defendant HIMH GP, LLC is a

---

[1] *See* https://www.southstarcg.com/locations.

Delaware limited liability company. (Compl. ¶ 11.) Defendant Hines Real Estate Holdings Limited Partnership is a Texas limited partnership. (Compl. ¶ 12.) Defendant JCH Investments, Inc. is a Texas corporation. (Compl. ¶ 13.) These entities (collectively, the "Other Defendants") are under common ownership with UOB and all have principal offices located in Houston, Texas.

6. In July of 2014, UOB contracted with 1662 Multifamily to construct a 306-unit apartment complex located at 1662 Celebration Blvd., Celebration, Florida 34747. This project was known as "Aviva at Celebration," and is now known as "Sola at Celebration" (the "Celebration Apartments"). (*See* Compl. ¶ 1.)

7. The Celebration Apartments consist of six identical four-story residential apartment buildings and a club house. 1662 Multifamily was the original owner of the Celebration Apartments, and UOB was retained by 1662 Multifamily to be the general contractor and constructor for the project. UOB began construction of the Celebration Apartments in July 2014 and completed them in March 2016.

8. On July 1, 2016, 1662 Multifamily sold the Celebration Apartments to Plaintiffs through an Agreement of Sale and Purchase between 1662 Multifamily and Southstar dated July 1, 2016. (Compl. ¶ 15.) UOB was not a party to this transaction. (*See* Compl. Ex. 1, Agreement at 1.) The sale was on an as is, where is basis. No warranty was given by UOB to Southstar in connection with the sale, and UOB's construction contract with 1662 Multifamily was not assigned to Plaintiffs by 1662 Multifamily. (*See generally id.*)

9. In February 2017, Southstar Management I, LLC ("Southstar Management," an affiliate of Plaintiffs and a non-party to this action) notified UOB that some of the cantilevered corner balconies at the Celebration Apartments were deflecting downward. UOB made

sustained efforts to stabilize and repair the corner balconies in May 2017. During the fall and winter of 2017-2018, UOB continued with the work to stabilize and repair the cantilevered corner balconies, and the parties attempted to negotiate a resolution of the issues at the Celebration Apartments.

10. These efforts at a negotiated resolution failed and in February 2018, Plaintiffs brought various claims against UOB and the Other Defendants connected to the purchase of the Celebration Apartments. (*See generally* Compl.) These claims were brought in a matter styled *Southstar Capital Group I, LLC, et al., v. 1662 Multifamily LLC, et al.*, Case No. 2018-CA-000415 in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida (the "State Court Action" or "Removed Action").

11. Plaintiffs' alleged alter ego liability of UOB and the Other Defendants and asserted claims against all of them for: (a) defective construction based on negligence and claimed violations of the Florida Building Code, and (b) fraudulent non-disclosure/fraudulent inducement. (*See* Compl. ¶¶ 26, 38-73.)

12. Plaintiffs have specifically claimed that the alleged cost to repair the allegedly defective work and resulting damages (including lost rent allegedly caused by a need to vacate the Celebration Apartments resulting from the defective work) total over $45,000,000. (*Id.*) These potential liabilities increase further with each passing month, at a rate of $451,000, based on Plaintiffs' claim for lost rent alone.

13. After the filing of the Complaint and service of process on UOB, UOB answered the Complaint on April 18, 2018. Additionally, UOB and the Other Defendants filed separate Motions to Dismiss with the state court. The Motions to Dismiss are currently pending in state court as of the filing of this Notice of Removal. Prior to the removal of this action, UOB filed

two motions to extend its time to respond to Plaintiffs' discovery requests, and the Other Defendants filed a motion to stay discovery pending a ruling on their motion to dismiss.

14. UOB and the other Defendants are named insureds on certain commercial general liability insurance policies issued by Gemini Insurance Company ("Gemini"), Ironshore Specialty Insurance Company ("Ironshore"), Navigators Specialty Insurance Company ("Navigators"), and Great American Assurance Company ("Great American") (collectively the "Insurance Carriers"). These policies were purchased as part of a controlled insurance plan ("CIP") that provided commercial liability insurance coverage for UOB, the Other Defendants, and UOB's subcontractors for the Project. The collective limits of the CIP policies are $52 million in the aggregate.

15. CIPs are standard in the industry for such large residential projects, including the Project at issue. Under CIPs, the owner/developer, general contractor and all of the subcontractors become insureds under a single policy that covers a single construction project, or in some cases like here, multiple projects.

16. The purpose of the CIP was to drive costs down as to defense obligations and streamline indemnity and risk transfer as to the Project. One of the primary understood purposes of controlled insurance programs is to allow the parties to mount a "unified" defense avoiding disputes among the developer, contractor, and subcontractors who are involved in the controlled insurance program. By providing for the unified defense of this matter through the general contractor and developer, CIPs are intended to avoid the necessity of the contractor and developer pursuing indemnity and defense claims against the subcontractors which claims constitute covered contractual liabilities under the standard commercial general liability form. However, when any party to a controlled insurance program is required to pursue its defense

pursuant to an indemnity claim, thus necessarily pursuing a contractual liability/insured contract claim, there is a threat of diminished limits.

17. To date, and despite being repeatedly provided with notice and all requested information regarding Plaintiffs' claims, Gemini, Ironshore, and Navigators have refused to provide coverage for, and defend and indemnify UOB or the Other Defendants from the claims asserted by Plaintiffs in the State Court Action as required by the CIP. As a result, UOB and the Other Defendants filed a lawsuit against Gemini, Ironshore, and Navigators, also pending in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, styled *Hines Interests Limited Partnership, et al., v. Southstar Capital Group I, LLC, et al.*, Case No. 2018-CA-01845 (the "Coverage Lawsuit") seeking a declaratory judgment requiring them to honor their obligation to defend and indemnify UOB and the Other Defendants in the State Court Action. On July 17, 2018 the Coverage Lawsuit was removed by Gemini to the United States District Court for the Middle District of Florida, Orlando Division in an action styled *Hines Interests Limited Partnership, et al., v. Southstar Capital Group I, LLC, et al.*, Case No. 6:18-CV-1147-ORL-22DCI.

18. Because of these potential liabilities, the rising litigation cost and uncertainty caused by Gemini, Ironshore, together with Navigators' unwillingness to defend and indemnify UOB and the Other Defendants as required by law, UOB filed a voluntary petition for Chapter 11 bankruptcy relief in the Bankruptcy Court for the Southern District of Texas on August 31, 2018.

## II. THE COURT'S JURISDICTION OVER THE REMOVED ACTION

19. This Court has jurisdiction over the Removed Action under 28 U.S.C. §§ 1452(a) and 1334(b).

20. The Removed Action is an action which concerns the administration of the bankruptcy estate. Because the Removed Action contains claims against UOB which is in bankruptcy, this Court has subject matter jurisdiction over the Removed Action under 28 U.S.C. § 1334(b).

21. Additionally, the Court has jurisdiction over the claims against the Other Defendants in the Removed Action. These claims are all "related to" the bankruptcy estate, in particular because the claims against the Other Defendants are all factually intertwined with the claims against UOB and seek recovery from a common source as the Other Defendants are named insureds on UOB's CIP policies.

22. As a result, the claims against the Other Defendants will impact the bankruptcy estate, and the success or failure of such claims will have an effect on the liabilities of the bankruptcy estate. Thus, pursuant to its "related to" jurisdiction under 28 U.S.C. § 1334(b), this Court has the authority over the claims against the Other Defendants in the Removed Action.

23. To the extent the Court determines that any of the claims in the Removed Action are non-core proceedings, UOB consents to entry of final orders or judgment by this Court.

24. In accordance with Federal Rule of Bankruptcy Procedure 9027(a)(1) and Local Rule 4.02, attached as Exhibit A is complete copy of the Removed Action's record, including copies of all papers on file in the state court, in addition to the operative pleadings, substantive rulings, and any pending motions and responses in the Removed Action.

25. Although consent to removal by other defendants is not required when a case is removed under 28 U.S.C. § 1452, UOB has obtained written consent to removal from all other defendants in the Removed Action, attached hereto as Exhibit B. *See* 28. U.S.C. § 1452.

26. UOB submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs, without conceding that Plaintiffs have pled claims upon which relief may be granted, without admitting that Plaintiffs have standing, and without admitting that Plaintiffs are entitled to any monetary or equitable relief whatsoever.

### III. PRAYER

**WHEREFORE**, UOB removes the above-captioned action from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, and requests that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

*/s/Jason A. Perkins*
Jason A. Perkins, Esq.
Florida Bar Number 0610852
Carlton Fields, P.A.
450 S. Orange Avenue
Orlando, Florida 32801-3370
Telephone:   407.244.8250
Facsimile:   407.648.9099
E-Mail: jperkins@carltonfields.com

*Attorneys for Defendant Urban Oaks Builders LLC*

OF COUNSEL:

BAKER BOTTS, L.L.P.
Joseph A. Colagiovanni
Texas Bar No. 24104457 (*Pro Hac Vice Pending*)
Katherine A. Brooker
Texas Bar No. 24075772 (*Pro Hac Vice Pending*)
One Shell Plaza
910 Louisiana
Houston, Texas 77002
Telephone:  713.229.1222
Facsimile:  713.229.7922
joseph.colagiovanni@bakerbotts.com
katherine.brooker@bakerbotts.com

Omar J. Alaniz
Texas Bar No. 24040402 (*Pro Hac Vice Pending*)
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: 214.953.6593
Facsimile: 214.661.4593
omar.alaniz@bakerbotts.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 6, 2018, a true and correct copy of the foregoing document was filed electronically with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system, and to all counsel of record at the email addresses listed below:

Michael A. Hornreich
Steven D. Gonzales
Weinberg Wheeler Hudgins, Guin & Dial, LLC
255 South Orange Avenue, Suite 1260
Orlando, FL 32801
mhornreich@wwhgd.com
sgonzales@wwhgd.com

Ramon A. Rasco
Podhurst Orseck, P.A.
1 SE 3rd Avenue, Suite 2700
Miami, FL 33131
rrasco@podhurst.com

*Counsel for Plaintiffs Southstar Capital Group I, LLC, Cottington Road TIC, LLC, and Durban Road TIC, LLC*

Joseph L. Rebak
Bryan T, West
Akerman LLP
Three Brickell City Centre, Suite 1100
98 Southeast Seventh Street
Miami, FL 33131
joseph.rebak@akerman.com
bryan.west@akerman.com
nancy.perez@akerman.com
anna.martinez@akerman.com

*Counsel for Defendants 1662 Multifamily, LLC, Hines Interests Limited Partnership, Hines 1662 Multifamily, LLC, Hines Investment Management Holdings Limited Partnership, HIMH GP, LLC, Hines Real Estate Holdings Limited Partnership, and JCH Investments, Inc.*

/s/Jason A. Perkins
Jason A. Perkins, Esq.