UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: CHAPTER 11 CASE

URBAN OAKS BUILDERS LLC, Debtor. CASE NO. 18-34892 (S.D.Tex.)

SOUTHSTAR CAPITAL GROUP I, LLC, a Florida limited liability company; COTTINGTON ROAD TIC, LLC, a Delaware limited liability company; and DURBAN ROAD TIC, LLC, a Delaware limited liability company,

Plaintiffs,

v.

1662 MULTIFAMILY LLC, a Delaware limited liability company; HINES 1662 MULTIFAMILY, LLC, a Delaware limited liability company; HINES INVESTMENT MANAGEMENT HOLDINGS LIMITED PARTNERSHIP, a Texas limited partnership; HIMH GP, LLC, a Delaware limited liability company; HINES REAL ESTATE HOLDINGS LIMITED PARTNERSHIP, a Texas limited partnership; HINES INTEREST LIMITED PARTNERSHIP, a Texas Limited Partnership; JCH INVESTMENTS, INC., a Texas corporation; and URBAN OAKS BUILDERS LLC, a Delaware limited liability company,

Defendants.

Miscellaneous Proceeding
6:19-mp-00001-KSJ

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s): Southstar Capital Group I, LLC; Cottington Road TIC, LLC; and Durban Road TIC, LLC.

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary (miscellaneous) proceeding:

X Plaintiffs
- Defendants
  Other (describe):

For appeals in a bankruptcy case and not in an adversary proceeding.

Not applicable.

- Debtor
- Creditor
- Trustee
- Other (describe) ________________________

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from:

Appellants appeal pursuant to 28 U.S.C. § 158(a)(1) from the Order Granting Motion to Transfer and Denying Motion for Remand (**Exhibit A** hereto) to the extent that it denied Plaintiffs' Dispositive Motion to Abstain and Remand under the collateral order doctrine; *In re Midgard Corp*., 204 B.R. 764, 768-69 (10th Cir. BAP 1997). In the alternative, Appellants seek leave to appeal pursuant to 28 U.S.C. § 158(a)(3) from said Order denying its Dispositive Motion to Abstain and Remand and are filing a Motion for Leave to Appeal herewith.

Appellants further seek leave to appeal pursuant to 28 U.S.C. § 158(a)(3) from said Order Granting Motion to Transfer and Denying Motion for Remand to the extent that it grants Defendants' Motion to Transfer Venue and are filing a Motion for Leave to Appeal herewith.

2. State the date on which the judgment, order, or decree was entered:

May 7, 2019

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

| Party | Attorneys |
|---|---|
| 1. Southstar Capital Group I, LLC | Michael A. Hornreich<br>Matthew I. Kramer<br>Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC<br>255 South Orange Avenue, Suite 1260<br>Orlando, Florida 32801<br>Phone: 407.734.7000<br>Fax: 407.930.9180<br>mhornreich@wwhgd.com<br>mkramer@wwhgd.com |
| 2. Cottington Road TIC, LLC | Michael A. Hornreich<br>Matthew I. Kramer<br>Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC<br>255 South Orange Avenue, Suite 1260<br>Orlando, Florida 32801<br>Phone: 407.734.7000<br>Fax: 407.930.9180<br>mhornreich@wwhgd.com<br>mkramer@wwhgd.com |
| 3. Durban Road TIC, LLC | Michael A. Hornreich<br>Matthew I. Kramer<br>Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC<br>255 South Orange Avenue, Suite 1260<br>Orlando, Florida 32801<br>Phone: 407.734.7000<br>Fax: 407.930.9180<br>mhornreich@wwhgd.com<br>mkramer@wwhgd.com |
| 4. Urban Oaks Builders, LLC | Jason A. Perkins, Esq. |

| | |
|---|---|
| | Scott A. Richards, Esq.<br>Carlton Fields Jorden Burt, PA<br>PO Box 1171<br>Orlando, FL 32802-1171<br>(407) 849-0300 |
| | Matthew Okin, Esq.<br>Okin Adams LLP<br>1113 Vine Street Suite 240<br>Houston, TX 77002 |
| | Omar J Alaniz, Esq.<br>Baker Botts LLP<br>2001 Ross Avenue<br>Dallas, TX 75201-2980<br>214-953-6593 |
| | Katherine Brooker, Esq.<br>Joseph Colagiovanni, Esq.<br>Baker Botts LLP<br>One Shell Plaza<br>910 Louisiana St<br>Houston, TX 77002 |
| 5. 1662 Multifamily LLC | Esther A McKean, Esq.<br>Akerman Senterfitt<br>Post Office Box 231<br>Orlando, FL 32802-0231 |
| | Bryan T. West, Esq.<br>Joseph L. Rebak, Esq.<br>Akerman LLP<br>Suite 1100<br>Three Brickell City Centre<br>98 Southeast Seventh St<br>Miami, FL 33131-1714<br>(305) 374-5600 |
| 6. Hines 1662 Multifamily, LLC | Esther A McKean, Esq.<br>Akerman Senterfitt<br>Post Office Box 231<br>Orlando, FL 32802-0231 |
| | Bryan T. West, Esq. |

| | |
|---|---|
| | Joseph L. Rebak, Esq.<br>Akerman LLP<br>Suite 1100<br>Three Brickell City Centre<br>98 Southeast Seventh St<br>Miami, FL 33131-1714<br>(305) 374-5600 |
| 7. Hines Investment Management Holdings Limited Partnership | Esther A McKean, Esq.<br>Akerman Senterfitt<br>Post Office Box 231<br>Orlando, FL 32802-0231<br><br>Bryan T. West, Esq.<br>Joseph L. Rebak, Esq.<br>Akerman LLP<br>Suite 1100<br>Three Brickell City Centre<br>98 Southeast Seventh St<br>Miami, FL 33131-1714<br>(305) 374-5600 |
| 8. HIMH GP, LLC | Esther A McKean, Esq.<br>Akerman Senterfitt<br>Post Office Box 231<br>Orlando, FL 32802-0231<br><br>Bryan T. West, Esq.<br>Joseph L. Rebak, Esq.<br>Akerman LLP<br>Suite 1100<br>Three Brickell City Centre<br>98 Southeast Seventh St<br>Miami, FL 33131-1714<br>(305) 374-5600 |
| 9. Hines Real Estate Holdings Limited Partnership | Esther A McKean, Esq.<br>Akerman Senterfitt<br>Post Office Box 231<br>Orlando, FL 32802-0231<br><br>Bryan T. West, Esq.<br>Joseph L. Rebak, Esq. |

| | |
|---|---|
| | Akerman LLP<br>Suite 1100<br>Three Brickell City Centre<br>98 Southeast Seventh St<br>Miami, FL 33131-1714<br>(305) 374-5600 |
| 10. Hines Interest Limited Partnership | Esther A McKean, Esq.<br>Akerman Senterfitt<br>Post Office Box 231<br>Orlando, FL 32802-0231<br><br>Bryan T. West, Esq.<br>Joseph L. Rebak, Esq.<br>Akerman LLP<br>Suite 1100<br>Three Brickell City Centre<br>98 Southeast Seventh St<br>Miami, FL 33131-1714<br>(305) 374-5600 |
| 11. JCH Investments, Inc. | Esther A McKean, Esq.<br>Akerman Senterfitt<br>Post Office Box 231<br>Orlando, FL 32802-0231<br><br>Bryan T. West, Esq.<br>Joseph L. Rebak, Esq.<br>Akerman LLP<br>Suite 1100<br>Three Brickell City Centre<br>98 Southeast Seventh St<br>Miami, FL 33131-1714<br>(305) 374-5600 |

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

Not Applicable. Appeal to be heard by District Court pursuant to 28 U.S.C. § 158(a)(1) and/or (a)(3) and Bankruptcy Rule 8003(d)(1).

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

・ Appellant(s) elect to have the appeal heard by the United States District Court rather than by a Bankruptcy Appellate Panel.

**Part 5: Sign below**

*/s/ Matthew I. Kramer*________
MICHAEL A. HORNREICH
Florida Bar No.: 379972
MATTHEW I. KRAMER
Florida Bar No.: 0937231
**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**
255 South Orange Avenue, Suite 1260
Orlando, Florida 32801
Phone: 407.734.7000
Fax: 407.930.9180
mhornreich@wwhgd.com
mkramer@wwhgd.com
*Counsel for Plaintiffs Southstar Capital Group I, LLC, Cottington Road TIC, LLC and Durban Road TIC, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2019, I electronically filed the foregoing **Notice of Appeal and Statement of Election** with the Clerk of Court using the CM/ECF system. I further certify that I mailed the foregoing document by first-class mail to the following participants:

Jason A. Perkins, Esq.
Scott A. Richards, Esq.
Carlton Fields Jorden Burt, PA
PO Box 1171
Orlando, FL 32802-1171
(407) 849-0300

Matthew Okin, Esq.
Okin Adams LLP
1113 Vine Street Suite 240
Houston, TX 77002

Omar J Alaniz, Esq.
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201-2980
214-953-6593

Katherine Brooker, Esq.
Joseph Colagiovanni, Esq.
Baker Botts LLP
One Shell Plaza
910 Louisiana St
Houston, TX 77002

Counsel to Urban Oaks Builders, LLC

Esther A McKean, Esq.
Akerman Senterfitt
Post Office Box 231
Orlando, FL 32802-0231

Bryan T. West, Esq.
Joseph L. Rebak, Esq.
Akerman LLP
Suite 1100

Three Brickell City Centre
98 Southeast Seventh St
Miami, FL 33131-1714

Counsel to 1662 Multifamily LLC, Hines 1662 Multifamily, LLC, Hines Investment Management Holdings Limited Partnership, HIMH GP, LLC, Hines Real Estate Holdings Limited Partnership, Hines Interest Limited Partnership, JCH Investments, Inc.

*/s/ Matthew I. Kramer*
Matthew I. Kramer

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

EXHIBIT A

SOUTHSTAR CAPITAL GROUP, I, LLC et al.,

Plaintiffs,

vs.

1662 MULTIFAMILY LLC, et al.,

Defendants.

Miscellaneous Proceeding
6:19-mp-00001-KSJ

**ORDER GRANTING MOTION TO TRANSFER AND DENYING MOTION FOR REMAND**

This miscellaneous proceeding came before the Court on February 13, 2019, to consider Urban Oaks Builders LLC's Motion to Transfer Venue[1] and Southstar Capital Group, I, LLC's Dispositive Motion to Abstain and Remand.[2] The Motion to Transfer is granted. The Motion to Abstain and Remand is denied without prejudice.

Although the parties outlined the procedural history more thoroughly in their papers, a brief undisputed background is merited. Urban Oaks Builders LLC ("UOB" or the "Debtor") is a Delaware limited liability company with its principal place of business in Houston, Texas.[3] Between 2014 and 2016, UOB, acting as a general contractor, built a large apartment complex (the "Project") in Osceola County, Florida.[4] The Project later was sold to Southstar for $67 million.[5] Southstar identified several alleged substantial construction defects on the Project, some of which

[1] Doc. No. 2. Opposition filed at Doc. No. 4. Affidavits in opposition filed at Doc. Nos. 16, 19.
[2] Doc. No. 3. Response filed at Doc. No. 5.
[3] Doc. No. 2, ¶ 7.
[4] *Id.* at ¶¶ 1, 12, 14.
[5] *Id.* at ¶ 14; Doc. No. 3, p. 4; Doc. No. 5, p. 2.

it claims were "hidden."[6] The parties attempted to negotiate their dispute;[7] eventually Southstar[8] sued UOB in Osceola County, Florida based on the alleged defective work.[9] UOB then filed a declaratory judgment action in Osceola County against its insurance carriers arguing the carriers failed to defend UOB in the Construction Lawsuit.[10] The Coverage Lawsuit was removed to Orlando federal court, remanded to the state court, and then voluntarily dismissed.[11] Only the Construction Lawsuit between Southstar and UOB related entities remains pending.

Asserting the costs of pending litigation and UOB's potential liabilities to Southstar, UOB filed a Chapter 11 bankruptcy petition in Texas.[12] Soon after, the Construction Lawsuit was removed to the United States District Court in Orlando, and the Honorable Anne Conway referred the Construction Lawsuit to this court for review.[13] This court has two pending motions before it requesting the Construction Lawsuit either return to Osceola County or transfer to Texas.

The standards for transfer, abstention, and remand overlap. All require a balancing test analyzing similar factors to determine if the Construction Lawsuit should return to Osceola County

[6] Doc. No. 2, ¶ 15; Doc. No. 3, p. 5.
[7] Doc. No. 2, ¶ 16.
[8] When the Court uses "Southstar" it means these entities: Southstar Capital Group I, LLC; Cottington Road TIC, LLC; and Durban Road TIC. Doc. No. 2, ¶ 1.
[9] Southstar named these defendants: 1662 Multifamily LLC; Hines 1662 Multifamily LLC; Hines Investment Management Holdings Limited Partnership; HIMH GP, LLC; Hines Interest Limited Partnership; JCH Investments, Inc; and Urban Oaks Builders LLC. The Court will refer to these entities collectively as "UOB" or the "Debtor," but Urban Oaks Builders LLC is the only Debtor in the Texas Bankruptcy Court. The rest of the named defendants are Delaware or Texas entities. Doc. No. 2, ¶¶ 1, 11. The state court case is styled *Southstar Capital Group I, LLC et al. v. 1662 Multifamily LLC et al.*, Case No. 2018-CA-000415-OC in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County Florida (the "Construction Lawsuit"). Doc. No. 2, ¶¶ 1, 19; Doc. No. 3, pp. 3, 6. The Complaint includes causes of action of fraudulent inducement, breach of contract, violations of Florida building codes, negligence, and rescission. Doc. No. 3, p. 3
[10] Doc. No. 2, ¶ 2. The case is styled *Hines Interests Limited Partnership et al. v. Southstar Capital Group I, LLC, et al.*, Case No. 2018-CA-01845, in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida (the "Coverage Lawsuit"). Doc. No. 2, ¶¶ 2, 22; Doc. No. 3, p. 7.
[11] The removed case was styled *Hines Interests Limited Partnership, et al. v. Southstar Capital Group, I, LLC et al.*, Case No. 6:18-cv-1147-ORL-22DCI in the United States District Court for the Middle District of Florida. The case was remanded on December 20, 2018. Doc. No. 72 in Case No. 18-1147. The state court granted the Motion to Voluntarily Dismiss the Coverage Lawsuit on March 19, 2019.
[12] Doc. No. 2, ¶ 23; Doc. No. 3, p. 7. The petition was filed on August 31, 2018. Case No. 18-34892 in the United States Bankruptcy Court for the Southern District of Texas.
[13] The removed Construction Lawsuit case was styled *Southstar Capital Group I, LLC et al. v. 1662 Multifamily LLC et al.*, Case No. 6:18-cv-01453-ACC-DCI in the United States District Court for the Middle District of Florida. The order of referral to this Court was entered on January 2, 2019. Doc. No. 55 in Case No. 18-1453.

or transfer to the Texas Bankruptcy Court. Southstar requests the Court consider the mandatory abstention, permissive abstention, and remand issues first.

These are the key facts underpinning the Court's opinion: Both the Construction Lawsuit and the Texas bankruptcy case are in their early stages. Nothing in the record suggests either Texas or Florida will be a faster forum for this dispute. The Construction Lawsuit is the primary reason for the bankruptcy filing, is a core proceeding, and its resolution will dictate whether UOB can confirm a Chapter 11 plan or reorganization. Judicial efficiency favors litigating disputes in one forum—the home bankruptcy court. Given these key facts, the Court turns to the doctrines of abstention, remand, and transfer.

**Mandatory Abstention**

"Mandatory abstention strikes a balance between the competing interests of bankruptcy and state courts."[14] Claims in bankruptcy court are subject to mandatory abstention under 28 U.S.C. § 1334(c)(2) "if (1) the [claims have] no independent basis for federal jurisdiction, other than § 1334; (2) the [claims are] related to, but does not arise under or in, a bankruptcy case[, in other words, are non-core]; (3) an action has been commenced in state court; and (4) that action can be timely adjudicated in that state-court proceeding."[15] Southstar must prove these elements by a preponderance of the evidence.[16] The first and third element are met, but Southstar has not met its burden to show *all* elements of mandatory abstention are present, primarily because this dispute is a core proceeding.

Examples of what constitutes a "core" proceeding are listed in 28 U.S.C. § 157(b).[17] "Because the statutory list is not exhaustive, courts look beyond the list and to the purpose of the

[14] *Christo v. Padgett*, 223 F.3d 1324, 1331 (11th Cir. 2000).
[15] *In re Kachkar*, No. 18-10218, 2019 WL 1567760, at *4 (11th Cir. Apr. 11, 2019).
[16] *Alexander v. Alternative Debt Portfolios, LLC (In re EZ Pay Servs., Inc.)*, 390 B.R. 421, 424 (Bankr. M.D. Fla. 2007).
[17] *See also Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 33, 134 S. Ct. 2165, 2171, 189 L. Ed. 2d 83 (2014) (discussing list of core proceedings).

statute to determine whether a proceeding is 'core.'"[18] The United States Supreme Court explained that the statutory list of core proceedings under 28 U.S.C. § 157(b) are merely examples of such matters.[19] Courts have interpreted the "broadly inclusive language" of this list to encompass a wide range of proceedings.[20]

If a debtor files a Chapter 11 reorganization petition rather than a Chapter 7 petition, courts are more likely to deem a case "core."[21] Southstar's claims against UOB here raise alleged pre-petition bad acts and liabilities of the UOB that comprise the "vast majority" of liabilities against the Debtor and its bankruptcy estate.[22] UOB cannot proceed with its reorganization efforts without resolving these claims. And, Southstar must file a claim in UOB's bankruptcy case to collect on any pre-petition liability UOB may owe. Southstar may have a zero claim or a significant claim against UOB. We do not know. But, either way, this determination is the most important issue to resolve in determining whether UOB can confirm a Chapter 11 plan. At a minimum, resolving the Construction Lawsuit significantly affects the administration of UOB's estate and will adjust the debtor-creditor relationship between UOB and Southstar. It is a core proceeding under 28 U.S.C. § 157(b)(2). Mandatory abstention is not appropriate.

**<u>Permissive Abstention/Equitable Remand versus Transfer</u>**

The test for permissive abstention and remand, as sought by Southstar, versus transfer, as sought by UOB, both require a balancing test considering similar factors. Courts generally consider the same factors under both.

Under 28 U.S.C. § 1334(c)(1), a federal court may abstain from hearing a proceeding "in the interest of justice, or in the interest of comity with State courts or respect for State law."

---

[18] *Carapella v. State Farm Fla. Ins. Co.*, No. 8:18-CV-2396-T-36CPT, 2019 WL 494584, at *8 (M.D. Fla. Feb. 8, 2019).
[19] *Stern v. Marshall*, 564 U.S. 462, 476, 131 S. Ct. 2594, 2605, 180 L. Ed. 2d 475 (2011).
[20] *In re EZ Pay Servs., Inc.*, 390 B.R. at 430.
[21] *Carapella*, 2019 WL 494584, at *7.
[22] Doc. No. 5, p. 7.

Relevant factors include: (1) the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; (7) whether a separate state law case is pending; (8) whether the issues are core proceedings or are directly related to the debtor's reorganization; and (9) the prejudice to the defendants.[23] Courts may determine the relative weight afforded each factor.[24]

On UOB's transfer request, under 28 U.S.C. § 1412, a court may transfer a proceeding in the interest of justice or for the convenience of the parties.[25] The standard under 28 U.S.C. § 1404 is similar. These analyses are case specific and subject to broad discretion.[26] The factors underlying both transfer statutes overlap. The party promoting transfer must show transfer is warranted.[27] "Interest of justice" is a flexible standard. The Court should consider whether transfer would "promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness."[28] These factors include examining whether the parties and witnesses will be inconvenienced, the defendant's choice of forum, where the claim arose, and whether the transferee court is familiar with the laws involved.[29] Efficient administration is often considered the most important factor in deciding whether to transfer a proceeding.[30]

Either forum—the Osceola County Florida Court or the Texas Bankruptcy Court—is competent and capable. Both cases are in their early stages. And nothing posits one court versus the other as more able to speedily resolve the claims.

---

[23] *In re Phoenix Diversified Inv. Corp.*, 439 B.R. 231, 245 (Bankr. S.D. Fla. 2010).
[24] *Id.*
[25] 28 U.S.C. § 1412.
[26] *Creekridge Capital, LLC v. Louisiana Hosp. Ctr., LLC*, 410 B.R. 623, 629 (D. Minn. 2009).
[27] *Id.*
[28] *In re Penn-Mont Benefit Servs., Inc.*, No. 3:13-BK-05986-JAF, 2013 WL 6405046, at *10 (Bankr. M.D. Fla. Dec. 6, 2013).
[29] *Id.*
[30] *Creekridge Capital*, 410 B.R. at 630 ("In evaluating the interest of justice factors, several courts have found the most important factor is whether transfer would promote the economic and efficient administration of the bankruptcy estate.").

Factors for both sides support a remand to Florida or a transfer to Texas, and this is a close question. The Texas Bankruptcy Court more efficiently however can decide *all* liabilities against the Debtor, including Southstar's claims, in its administration of the UOB bankruptcy case. Only the Texas Bankruptcy Court can confirm a plan of reorganization and arrange for the payment of Southstar's claims.

However, state law issues predominate in the Construction Lawsuit raising problems with a large apartment complex built in Central Florida. Local Florida building codes are implicated. Many witnesses are in Florida, which will make the trial more expensive if the case is transferred to Texas.

One party is prejudiced by either decision. If the case returns to Florida state court, UOB must litigate both in Florida and simultaneously prosecute its Texas bankruptcy case. If the dispute transfers to Texas, Southstar must litigate its claims relating to a Florida construction project in Texas when many witnesses are in Florida.

After reviewing the factors above and others argued by the parties, the Court concludes transferring the Construction Lawsuit to Texas and denying the request for permissive abstention and equitable remand is the best answer. One court, the Texas Bankruptcy Court, can resolve all issues between the parties. It is better able to more efficiently administer both the Construction Lawsuit and the bankruptcy case as one unit.

The biggest argument against transfer is the inconvenience to Florida witnesses testifying on alleged construction defect issues in a distant court in Texas. To lessen this impediment, I offer a solution. This Court has two open and unused courtrooms. We gladly welcome and can accommodate the needs of the Texas Bankruptcy Court to hold hearings and trials in our facility, if desired, either in person or via video. The witnesses then could then testify in person with no extra costs or prejudice. Any differential in discovery costs or travel costs are *de minimus*.

Further, recognizing this is a close question and UOB's bankruptcy case is in its early days, this Court will transfer this case without prejudice. Southstar has a pending motion to dismiss. Perhaps the Texas Bankruptcy Court will soon dismiss the bankruptcy case and remand the Construction Lawsuit to Florida. Or perhaps, the Texas Bankruptcy Court later will determine remand was the better choice during its administration. If so, factors would justify a different outcome. But, until then, this Court will deny Southstar's request for abstention and remand, and grant UOB's Motion to Transfer.

Accordingly, it is

**ORDERED:**

1. The Motion for Abstention or Remand (Doc. No. 3) is **DENIED without prejudice.**
2. The Motion to Transfer (Doc. No. 2) is **GRANTED.**
3. This proceeding shall be transferred to the United States Bankruptcy Court for the Southern District of Texas.

**DONE AND ORDERED** in Orlando, Florida on May 7, 2019.

KAREN S. JENNEMANN
United States Bankruptcy Judge

###

Attorney, Jason Perkins, is directed to serve a copy of this order on all interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the order.