# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SOUTHSTAR CAPITAL GROUP, I, LLC, COTTINGTON ROAD TIC, LLC and DURBAN ROAD TIC, LLC,

    Plaintiffs,

v.                                           Case No: 6:18-cv-1453-Orl-40DCI

1662 MULTIFAMILY LLC, HINES 1662 MULITFAMILY, LLC, HINES INVESTMENT MANAGEMENT HOLDINGS LIMITED PARTNERSHIP, HIMH GP, LLC, HINES REAL ESTATE HOLDINGS LIMITED PARTNERSHIP, HINES INTEREST LIMITED PARTNERSHIP, JCH INVESTMENTS, INC. and URBAN OAKS BUILDERS, LLC,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court without oral argument on the following:

1. Plaintiffs' Motion for Leave to Appeal (Doc. 59);

2. Urban Oaks Builders LLC's Response (Doc. 60);

3. Plaintiffs' Reply (Doc. 63);

4. Plaintiffs' Amended Motion for Stay Pending Appeal (Doc. 64);

5. Urban Oaks Builders LLC's Response (Doc. 65); and

6. Plaintiffs' Reply (Doc. 66).

With briefing complete, the matter is ripe. Upon consideration, the Motions for Leave to Appeal and to Stay will be granted.

## II. BACKGROUND

This hot potato of a case is before the Court for consideration of Plaintiffs' Motion for Leave to Appeal a May 7, 2019, order from the U.S. Bankruptcy Court for the Middle District of Florida. The Court begins with a brief overview of the winding trail trod by this action through three courts and six judges and counting.

Plaintiffs, a trio of limited liability companies, initiated this suit in state court against Defendants, an octet of affiliated entities, asserting five Counts stemming from Defendants' sale of an allegedly defective apartment property for $67,000,000.00 (the "**Defect Lawsuit**"). (Doc. 2). After Defendant Urban Oaks Builders LLC ("**UOB**") filed for Chapter 11 bankruptcy relief in the Bankruptcy Court for the Southern District of Texas, the Defect Lawsuit was removed to this Court pursuant to 28 U.S.C. §§ 1334 and 1452, which vest district courts with subject matter jurisdiction over cases "related to" pending bankruptcy actions. (Doc. 1). Once here, the action spent time on three judges' dockets before the Honorable Judge Anne C. Conway transferred the suit to the Bankruptcy Court for the Middle District of Florida ("**First Transfer Order**") based on 28 U.S.C. § 157(a). (Docs. 16, 27, 55).

From there, the Defect Lawsuit was again transferred, this time to the Bankruptcy Court for the Southern District of Texas on UOB's motion. (Doc. 57-1, pp. 16–22 ("**Second Transfer Order**")). The Second Transfer Order denied Plaintiffs' request to abstain and transfer the action back to state court, opting instead to transfer the suit pursuant to 28 U.S.C. § 1412 to the Texas Bankruptcy Court principally because that court "can resolve all issues between the parties." (*Id.* at p. 21). Now, Plaintiffs move for leave to appeal the Second Transfer Order, contending the Bankruptcy Court exceeded its authority in

2

transferring the Defect Lawsuit and violated both the mandatory and permissive abstention statutes. (Doc. 59). Plaintiffs seek leave under the collateral order doctrine or, alternatively, 28 U.S.C. § 158(a)(3), the interlocutory appeal statute. (*Id.*).

## III. DISCUSSION

### 1. Collateral Order Doctrine

First, Appellants argue that leave to appeal should be granted under the collateral order doctrine. (Doc. 59, p. 7). The collateral order doctrine—a narrow exception to the rule that appeals may only be taken of final judgments—enables litigants to appeal prejudgment orders under prescribed circumstances. To be appealable, "an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *In re Celotex Corp.*, 187 B.R. 746, 749 (M.D. Fla. 1995). "The collateral order doctrine is a 'narrow exception,' whose reach is limited to trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal." *Richardson–Merrell, Inc. v. Koller*, 472 U.S. 424, 430–31 (1985) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981)).

The collateral order doctrine is inapplicable to this case as it fails the third requirement. An order is "'effectively unreviewable' only 'where the order at issue involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 498–99 (1989) (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989)). The quintessential "unreviewable" order is an order that deprives a litigant of their right "not to be tried" based on immunity. *Id.* at 499–500. Conversely, orders that deprive litigants of

their "right to have the binding adjudication of claims occur in a certain forum" do not satisfy the "effectively unreviewable" requirement. *Id.* at 501. Here, Plaintiffs seek review of an order depriving them of their asserted "right" to pursue their claims in a particular forum. The underlying order is thus not appealable under the collateral order doctrine.[1]

### 2. Interlocutory Appeal Pursuant to § 158(a)

Section 158 of Title 28 vests district courts with discretionary jurisdiction over appeals of interlocutory orders and decisions from bankruptcy judges. 28 U.S.C. § 158(a)(3). To decide whether and when to exercise this discretion, the standards governing appeals from the district court to the court of appeals, as set out in 28 U.S.C. § 1292(b), are considered. *In re Charter Co.*, 778 F.2d 617, 620 (11th Cir. 1985); *In re Celotex Corp.*, 187 B.R. at 749. "Under these standards, a court will permit an interlocutory appeal of an order if (1) the order presents a controlling question of law (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." *In re Celotex Corp.*, 187 B.R. at 749. "Only exceptional circumstances justify the hearing of an appeal before a final judgment is rendered." *In re Neshaminy Office Bldg. Assocs.*, 81 B.R. 301, 303 (E.D. Pa. 1987).

---

[1] The Court is unpersuaded by Plaintiffs' argument that this is their only opportunity to appeal the Second Transfer Order. (Doc. 63, pp. 11–12). The Second Transfer Order could be reviewed through a mandamus action or by retransferring the case to this Circuit at the proceeding's conclusion. *See Roofing & Sheet Metal Servs. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 987–99 (11th Cir. 1982); *see also* 15 CHARLES A. WRIGHT ET AL., FED. PRAC. & PROC. § 3855 (4th ed.) (noting the "clear majority view rejects" application of the collateral order doctrine to transfer orders "on the ground that other avenues—such as a motion to retransfer, certification under Section 1292(b), and extraordinary writ—remain available to review the issue"); *see also Middlebrooks v. Smith*, 735 F.2d 431, 433 (11th Cir. 1984)

4

*1. Controlling Question of Law*

"A legal issue is controlling if it could materially affect the outcome of the case." *U.S. ex rel. Armfield v. Gills*, No. 8:07–CV–2374–T–27TBM, 2011 WL 2084072, at *1 (M.D. Fla. May 24, 2011). Legal issues suitable for interlocutory appeal should approximate a "pure" question of law that an appellate court "can decide quickly and cleanly without having to study the record." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004). The special treatment given to law-based (as opposed to fact-based) appeals stems largely from frequent attempts to interlocutorily appeal denials of summary judgment. *Id.* (collecting cases). Though a trial court's discretionary orders generally do not present controlling questions of law,[2] orders that exceed a court's authority do. *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 176 n.5 (2d Cir. 2000); *Farrell v. Wyatt*, 408 F.2d 662, 665 (2d Cir. 1969) ("[W]hen the question is the district court's power [to transfer], a proper—although not exclusive—procedural approach is to seek an interlocutory appeal under 28 U.S.C.§ 1292(b)."). Plaintiffs seek to appeal three actions by the bankruptcy court: (1) the transfer of the Defect Lawsuit to the Texas Bankruptcy Court, (2) denial of mandatory abstention, and (3) denial of permissive abstention.

First, the Court first takes up controlling law issue as to the method by which the Defect Lawsuit was transferred to the Texas Bankruptcy Court. After being filed in state court, the Defect Lawsuit was properly removed to federal court in accordance with 28

---

[2] *Garner v. Wolfinbarger*, 433 F.2d 117, 120 (5th Cir. 1970) ("[Section] 1292(b) review is inappropriate for challenges to a judge's discretion in granting or denying transfers under § 1404(a)."). In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

U.S.C. § 1334.[3] From there, the Defect Lawsuit was properly transferred from the district court to the Bankruptcy Court for the Middle District of Florida pursuant to § 157(a), which provides that a district court may refer civil proceedings "arising under title 11, or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district." *See* 28 U.S.C. § 157(a).

The subsequent transfer, executed by the Second Transfer Order, is more problematic. In the Second Transfer Order, the bankruptcy judge transferred the Defect Lawsuit to the Bankruptcy Court for the Southern District of Texas pursuant to 28 U.S.C. § 1412. (Doc. 59, pp. 20–22). Section 1412, however, only authorizes the transfer of "proceedings under title 11," which has been interpreted as "matters invoking a substantive right created by the Bankruptcy Code." *Alderwoods Grp. v. Garcia*, 682 F.3d 958, 973 (11th Cir. 2012); *Multibank, Inc. v. Access Glob. Capital LLC*, 594 B.R. 618, 622–23 (S.D.N.Y. 2018). The Defect Lawsuit invokes no rights created by the Bankruptcy Code—thus it was not transferrable under § 1412. *See Multibank*, 594 B.R. at 622–23 (finding that § 1412 "does not say that a court may transfer any case or proceeding over which the court has jurisdiction under section 1334"). Therefore, the Second Transfer Order apparently exceeded the statutory transfer authority vested in the bankruptcy court by § 1412. *See Multibank*, 594 B.R. at 622–23.[4] The Second Transfer Order's transfer of

---

[3] This removal was proper because section 1334 authorizes district courts to exercise jurisdiction over "civil proceedings arising under title 11 or arising in or related to a case under title 11"—and the Defect Lawsuit relates to a title 11 bankruptcy proceeding. *See* 28 U.S.C. § 1334(b).

[4] It is unclear how the Bankruptcy Court for Southern District of Texas could exercise subject matter jurisdiction over the Defect Suit in light of the absence of both federal question and diversity jurisdiction in that court. While 28 U.S.C. § 1452 allows for removal of claims related to bankruptcy cases to federal court, the statute provides

the Defect Lawsuit thus implicates a controlling question of law. *See SongByrd*, 206 F.3d at 172, n.5.[5]

Second, the Court takes up the refusal of the Bankruptcy Judge to apply mandatory abstention.

> Under 28 U.S.C. § 1334(c)(2), the 'mandatory abstention' provision, a bankruptcy court must abstain from hearing a state-law claim if (1) the claim has no independent basis for federal jurisdiction, other than § 1334; (2) the claim is related to, but does not arise under or in, a bankruptcy case [i.e., the claim is non-core]; (3) an action has been commenced in state court; and (4) that action can be timely adjudicated in that state-court proceeding.

*In re Kachkar*, 769 F. App'x 673, 680 (11th Cir. 2019).[6] Here, application of the mandatory abstention doctrine "could materially affect the outcome of the case." *See Gills*, 2011 WL 2084072, at *1. Moreover, the question can be decided with little factual input, that is, an appellate court could resolve the appeal "quickly and cleanly without having to study the record." *See McFarlin*, 381 F.3d at 1258. The controlling question of law requirement is thus met as to Plaintiffs' mandatory abstention appeal.

Third, the Court takes up the refusal of the Bankruptcy Judge to apply permissive abstention. Section 1334 of Title 28 of the U.S. Code authorizes a district court to abstain from hearing a case "arising in or related to a" bankruptcy case. 28 U.S.C. § 1334(c)(1). Courts look to a host of non-dispositive factors in deciding whether to abstain. In so deciding, courts enjoy substantial "discretion to determine the relative weight afforded

---

that such claims may only be removed to "the district court for the district where such civil action is pending." *See also Multibank*, 594 B.R. at 622–23.

[5] Additionally, the transfer to the Texas Bankruptcy Court "could materially affect the outcome of the case." *See Gills*, 2011 WL 2084072, at *1.

[6] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

each factor." *In re Phoenix Diversified Inv. Cor.*, 439 B.R. 231, 246 (Bankr. S.D. Fla. 2010). The discretionary, fact-intensive permissive abstention standard is ill-suited for interlocutory review and fails the controlling question of law requirement. *See Garner*, 433 F.2d at 120. Accordingly, Plaintiffs' motion for leave to appeal their request for permissive abstention is due to be denied.

Though the appeal of the Second Default Order's transfer and mandatory abstention issues would not, strictly speaking, entail "pure" legal questions divorced from any factual input, they would not "require[] rooting through the record in search of the facts or of genuine issues of fact." *See McFarlin*, 381 F.3d at 1258. Instead, the primary questions on appeal involve legal questions—to wit, the transferability of an adversary proceeding removed to federal bankruptcy court and the meaning of "core" proceeding under the mandatory abstention doctrine. *See infra*.

### 2. Difference of Opinion Among Courts

Unsurprisingly, the "substantial ground for difference of opinion" requirement is met where "courts espouse different opinions as to the particular question of law, separate and apart from an application of the law to the facts." *Grand Lodge of Pa. v. Peters*, No. 8:07-cv-479-T-26EAJ, 2008 WL 2790237, at *1 (M.D. Fla. July 18, 2008). The requirement is not met where there is "complete and unequivocal" agreement as to the resolution of the appealed issue. *McFarlin*, 381 F.3d at 1258.

The Court is satisfied that the substantial ground for difference of opinion requirement is met as to both the Bankruptcy Court's (i) application of 28 U.S.C. § 1412, and (ii) refusal to apply mandatory abstention. First, as set forth above, the Florida Bankruptcy Court's decision to transfer the Defect Lawsuit to Texas Bankruptcy Court is

subject to substantial difference of opinion. *See supra* Subsection II.B.1 discussion; *see also Multibank*, 594 B.R. at 622–23 (recognizing split of authority as to whether § 1412 permits a bankruptcy court to transfer a proceeding "over which the court has jurisdiction under section 1334").

Second, the Second Transfer Order's analysis and conclusion with respect to mandatory abstention is subject to substantial difference of opinion. The bankruptcy judge found that mandatory abstention did not apply because the Defect Lawsuit is a "core" bankruptcy proceeding. (Doc. 57-1, pp. 3–4). Conversely, Plaintiffs have cited caselaw deeming state law construction defect claims—similar to those brought in the Defect Lawsuit—non-core proceedings. *See, e.g.*, *In re Artecity Mgmt.*, No. 10–31406–BKC–AJC, 2010 WL 4340110, at *2–3 (Bankr. S.D. Fla. Oct. 25, 2010) ("The claims in the State Court Action are garden variety state law claims relating to a pre-petition construction dispute.").

### 3. Materially Advance Litigation

Resolution of a controlling question of law materially advances the ultimate termination of litigation where it "would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259. The Court finds that an interlocutory appeal of the transfer and mandatory abstention issues would materially advance the litigation by substantially shortening it. These two issues are susceptible to straightforward, fact-light review that will not be unduly burdensome.

### 3. Stay Pending Appeal

Plaintiffs move for a stay pending appeal of the Second Transfer Order. (Doc. 64). UOB opposes, incorporating arguments advanced in its Response in Opposition of Plaintiffs' Motion for Leave to Appeal. (Doc. 65).

To stay bankruptcy court proceedings pursuant to Rule 8005,

> [T]he movant must clearly establish: (i) that the movant is likely to prevail on the merits of its appeal, (ii) that the movant will suffer irreparable injury if a stay or other injunctive relief is not granted, (iii) that other parties will suffer no substantial harm if a stay or other injunctive relief is granted, and (iv) in circumstances where the public interest is implicated, that the issuance of a stay or other injunctive relief will serve, rather than disserve, such public interest.

*The Charter Co.*, 72 B.R. 70, 71–72 (M.D. Fla. 1987). As the above discussion makes clear, Plaintiffs are likely to prevail on the merits of this appeal, at least with respect to the 28 U.S.C. § 1412 transfer challenge. *See supra* Section II.B discussion. Absent a stay, Plaintiffs would suffer irreparable injury by being forced to litigate in a distant court that apparently lacks jurisdiction. Finally, Defendants would not be harmed by a stay, and a stay would serve the public interest by preserving judicial economy and ensuring the orderly progression of this litigation.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Leave to Appeal (Doc. 59) is **GRANTED**.
2. The parties shall file their briefs in accordance with Federal Rule of Bankruptcy Procedure 8009.
3. Plaintiffs' Amended Motion for Stay Pending Appeal (Doc. 64) is **GRANTED**. The Bankruptcy Court proceedings are hereby **STAYED** pending resolution of the instant appeal. This Order only stays the

adversary proceedings in bankruptcy court (the Defect Lawsuit) and does not impact the bankruptcy court proceedings stemming from UOB's chapter 11 petition.

4. The Clerk of Court is **DIRECTED** to request and docket to this case the full bankruptcy record from the proceeding styled *Southstar Capital Group, I, LLC v. 1662 Multifamily LLC*, No. 6:19-mp-1-KSJ (Bankr. M.D. Fla. 2019).

**DONE AND ORDERED** in Orlando, Florida on August 8, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties