**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SOUTHSTAR CAPITAL GROUP, I,
LLC, COTTINGTON ROAD TIC, LLC
and DURBAN ROAD TIC, LLC,

        Appellants,

v.   Case No:  6:18-cv-1453-Orl-40DCI

1662 MULTIFAMILY LLC, HINES 1662
MULITFAMILY, LLC, HINES
INVESTMENT MANAGEMENT
HOLDINGS LIMITED PARTNERSHIP,
HIMH GP, LLC, HINES REAL ESTATE
HOLDINGS LIMITED PARTNERSHIP,
HINES INTEREST LIMITED
PARTNERSHIP, JCH INVESTMENTS,
INC. and URBAN OAKS BUILDERS,
LLC,

        Appellees.
_____/

**ORDER**

This cause comes before the Court without oral argument on the following:

1. Appellants' Brief by Cottington Road TIC, LLC, Durban Road TIC, LLC, and Southstar Capital Group, I, LLC (Doc. 72), filed September 26, 2019;

2. Appellee's Brief by Urban Oaks Builders, LLC (Doc. 73), filed October 15, 2019; and

3. Appellant's Reply Brief (Doc. 74), filed October 29, 2019.

Appellant appeals the Bankruptcy Court's Order denying the motion to abstain and granting the motion to transfer venue to the Texas Bankruptcy Court. (Doc. 70-9). For the reasons set forth below and after reviewing the entirety of the record, including the briefs

filed by all parties, the Court vacates the order of the Bankruptcy Court and remands the case to the Bankruptcy Court for consideration on the merits not inconsistent with this Order.

I.  **BACKGROUND**

This appeal from the U.S. Bankruptcy Court for the Middle District of Florida comes with a long-winded procedural history. To date, this action has lived through three courts and six judges.

Plaintiffs, three limited liability companies, collectively filed a five-count Complaint against Defendants, eight affiliated entities, arising out of Defendants' sale of an allegedly defective apartment property for $67,000,000.00 (the "**Defect Lawsuit**"). (Doc. 2). The Defect Lawsuit was subsequently removed to this Court pursuant to 20 U.S.C. §§ 1334 and 1452, after Defendant Urban Oaks Builders LLC ("**UOB**") filed for Chapter 11 bankruptcy in the Southern District of Texas. (Doc. 1). The Defect Lawsuit was eventually transferred to the Bankruptcy Court for the Middle District of Florida ("**First Transfer Order**") based on 28 U.S.C. § 157(a). (Docs. 16, 27, 55).

The Defect Lawsuit was then transferred to the Bankruptcy Court for the Southern District of Texas. (Doc. 57-1, pp. 16–22 ("**Second Transfer Order**")). The Second Transfer Order denied Plaintiffs' request to abstain and remand the action back to state court, and instead transferred the case—pursuant to 28 U.S.C. § 1412—to the Texas Bankruptcy Court because that court "can resolve all issues between the parties." (*Id.* p. 21). Plaintiffs filed a motion for leave to appeal the Second Transfer Order (Doc. 59), arguing that the Bankruptcy Court exceeded its authority in transferring the Defect

Lawsuit and violated the mandatory and permissive abstention statutes. (*Id.*). This Court granted leave to appeal (Doc. 67) and this appeal followed.

## II.   ISSUES ON APPEAL

The issues on appeal are as follows:

1. Whether the Bankruptcy Court erred in exercising subject matter jurisdiction and denying Plaintiff's Motion to Abstain and Remand.

2. Whether the Bankruptcy Court erred in granting Appellee's Motion to Transfer venue to the Southern District of Texas.

## III.   STANDARD OF REVIEW

This Court has jurisdiction over this appeal from the final order of the Bankruptcy Court pursuant to 28 U.S.C. § 158. In bankruptcy appeals, the district court reviews the Bankruptcy court's factual findings for clear error and its resolution of legal questions *de novo*. *In re Coady*, 588 F.3d 1312, 1315 (11th Cir. 2009) (per curiam). The district court reviews orders on motions to transfer venue for abuse of discretion. *In re La Bella Charters, Inc.*, No. 6:06-cv-1552-ORL-31, 2007 WL 215078, at *1 (M.D. Fla. Jan. 25, 2007) (citation omitted). Although the Bankruptcy Court's Order granting the motion to transfer is reviewed for abuse of discretion, the issues of law relating to that decision are subject to *de novo* review. *In re Micci*, 188 B.R. 697, 700 (S.D. Fla. 1995).

## IV.   DISCUSSION

### A.   Mandatory Abstention

The Bankruptcy Judge found that mandatory abstention did not apply because the Defect Lawsuit is a "core" bankruptcy proceeding. (Doc. 70-9, pp. 3–4). Appellants argue that the Bankruptcy Court's finding is erroneous because it conflicts with controlling

Eleventh Circuit precedent. (Doc. 72, pp. 11–15). Appellees agree that the Defect Lawsuit is a core proceeding because the outcome significantly affects the administration of the bankruptcy estate and will adjust the debtor-creditor relationship between the parties. (Doc. 73, p. 13; Doc. 74, pp. 4–5).[1] The Court finds that all the requirements for mandatory abstention are present here and therefore reverses the Bankruptcy Court's order.

Pursuant to the mandatory abstention statute, "courts must abstain from hearing a state court claim if the following requirements are met (1) the claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding. That is, it is related to a case under title 11 but does not arise under or arise in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be timely adjudicated in state court." *In re Artecity Mgmt., LLC*, No. 10-31406-BKC, 2010 WL 4340110, at *2 (Bankr. S.D. Fla. Oct. 25, 2010) (citations omitted).

Appellants—and the Court—take issue with the Bankruptcy Judge's finding that the Defect Lawsuit is a "core proceeding." The claims in the Defect Lawsuit are "garden variety state law claims relating to a pre-petition [] dispute." *See In re Artecity Mgmt.*, 2010 WL 4340110, at *2–3; *see also In re SOL, LLC*, 419 B.R. 498, 504–05 (Bankr. S.D. Fla. 2009). The Defect Lawsuit existed prior to and independent of the bankruptcy proceeding and does not involve any substantive rights created by federal bankruptcy law. Accordingly, the claims are non-core. *See e.g.*, *Wortley v. Bakst*, 844 F.3d 1313, 1319–

---

[1] The Court does not find Appellee's arguments persuasive. The Eleventh Circuit precedent cited does not reach the ultimate the issue of whether a claim is a core proceeding because the parties conceded and waived the matter. The Eleventh Circuit notes "Even assuming *arguendo* that the ownership issue was a non-core matter, the [party] expressly consented to the Bankruptcy Court's final adjudication of the [claims] and waived any argument to the contrary." *In re Fisher Island Investments, Inc.*, 778 F.3d 1172, 1191 (11th Cir. 2015).

20 (11th Cir. 2017) ("This case also does not involve any rights created by federal bankruptcy law. The complaint only asserts state-law tort claims, which are not created by the Bankruptcy Code and are not particular to federal bankruptcy law."); *see also Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1348–49 (11th Cir. 1999). In *Toledo*, the Eleventh Circuit, quoting the Fifth Circuit's decision in *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987), found that a matter is not a core proceeding "'[i]f the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy . . ..'" 170 F.3d at 1348.

The Eleventh Circuit also stated that a proceeding was not a core proceeding because it was "simply a state contract action that, had there been no bankruptcy, could have proceeded in state court." *Toledo*, 170 F.3d at 1348–49 (quoting *Wood*, 825 F.2d at 97). Like *Toledo* and *Wood*, the claims at issue in the Defect Lawsuit could have proceeded in state court had there been no bankruptcy. There is simply no basis to conclude that such claims fall within the core jurisdiction of the bankruptcy courts. As such, the Bankruptcy Court's Order denying the motion to abstain and remand is due to be reversed.

### B.    28 U.S.C. § 1412

The Bankruptcy Judge transferred the Defect Lawsuit to the Texas Bankruptcy Court pursuant to 28. U.S.C. § 1412. (Doc. 70-9, pp. 5–6). Appellants argue that the Bankruptcy Court erred by failing to apply statutory limitations on its ability to transfer the case in its Second Transfer Order, pursuant to 28 U.S.C. § 1412. (Doc. 72, pp. 15–17; Doc. 74, pp. 6–7). In response, Appellees maintain that transfer of the case and allowing

the Texas Bankruptcy Court to decide the issue of abstention and/or remand is appropriate. (Doc. 73, pp. 17–23).

Title 28 U.S.C. § 1412 states that "[a] district court may transfer a case or proceeding *under title 11* to a district court for another district, in the interest of justice or for the convenience of the parties." *Id.* (emphasis added). The language of this section of the Bankruptcy Code "only refers to transfers of cases or proceedings 'under' title 11. There is no reference in section 1412 to cases or proceedings 'arising in' or 'related to' cases under the Bankruptcy Code." *MultiBank, Inc. v. Access Glob. Capital LLC*, 594 B.R. 618, 622 (Bankr. S.D.N.Y. 2018). "A case is 'under' title 11 if it is the main bankruptcy case itself, and a proceeding is one that is 'under' the Bankruptcy Code if it asserts causes of action that are created by the Bankruptcy Code itself." *Id.*

Neither of those situations apply here. The Defect Lawsuit was filed before any bankruptcy case was pending. It asserts state law claims independent of the Bankruptcy Code. The action is based entirely on conduct that pre-dates any bankruptcy filings. The action was therefore not transferrable under § 1412. The Court finds that the Bankruptcy Judge abused its discretion in transferring the case to the Texas Bankruptcy Court because the Second Transfer Order exceeded the statutory transfer authority vested in the Bankruptcy Court by § 1412. *See Multibank*, 594 B.R. at 622–23.

The Court notes that § 1404 and § 1452 similarly do not provide the Bankruptcy Court with authority to transfer the Defect Lawsuit to the Texas Bankruptcy Court. 28 U.S.C. § 1404 provides: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

6

consented." *Id.* The Defect Lawsuit could not have been brought in the Texas Bankruptcy Court because it did not have subject matter jurisdiction. *See Mainstream Dev. Grp., Inc. v. Mainstream Grp. NII, LP*, No. 6:05-cv-1895, 2006 WL 8439419 (M.D. Fla. Mar. 16, 2006). Section 1452 allows for removal of claims related to bankruptcy cases to federal court and provides that such claims may only be removed to "the district court for the district where such civil action is pending." *See Multibank*, 594 B.R. at 622–23.

Accordingly, the Bankruptcy Court's Order granting the motion to transfer is due to be reversed.

## V.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Bankruptcy Court's Order (Doc. 70-9) is **REVERSED AND REMANDED** to the Bankruptcy Court for the Middle District of Florida for consideration on the merits not inconsistent with this Order.

**DONE AND ORDERED** in Orlando, Florida on November 26, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

7