# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SOUTHSTAR CAPITAL GROUP, I,
LLC, COTTINGTON ROAD TIC, LLC
and DURBAN ROAD TIC, LLC,

      Plaintiffs,

v.                              Case No:  6:18-cv-1453-Orl-40DCI

1662 MULTIFAMILY LLC, HINES 1662
MULITFAMILY, LLC, HINES
INVESTMENT MANAGEMENT
HOLDINGS LIMITED PARTNERSHIP,
HIMH GP, LLC, HINES REAL ESTATE
HOLDINGS LIMITED PARTNERSHIP,
HINES INTEREST LIMITED
PARTNERSHIP, JCH INVESTMENTS,
INC. and URBAN OAKS BUILDERS,
LLC,

      Defendants.
_____/

## ORDER

On December 10, 2019, Appellee filed a Motion for Stay Pending Appeal. (Doc. 76). Appellant's responded in opposition. (Doc. 77). Pursuant to this Court's Order (Doc. 78), Appellee replied in support of its original Motion. (Doc. 81). Appellee has demonstrated that: (1) the stay will not result in prejudice to either party; (2) Defendant would suffer a hardship if forced to proceed; and (3) granting the stay would further judicial economy. *See Garmendiz v. Capio Partners, LLC*, No. 8:17-cv-00987, 2017 WL 3208621, at *1 (M.D. Fla. July 26, 2017) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Upon consideration, the Court finds that Appellee's Motion is due to be granted.

Rule 8025 of the Federal Rules of Bankruptcy Procedure ("**Rule 8025**") permits district courts to stay their own orders pending appeal to the court of appeals. Fed. R. Bankr. P. 8025. This stay does not extend beyond 30 days after the judgment is entered, unless the period is enlarged "for cause shown." Rule 8025(b)(2).[1] In cases construing Rule 8025's predecessor, courts consistently follow the same standard used for staying actions of a lower court. *See, e.g., In re New York, Skyline, Inc.*, 520 B.R. 1, 3–4 n. 4 (S.D.N.Y. 2014) (discussing rule 8017(b)).

"A stay pending appeal is an 'extraordinary remedy' and the party seeking it must show: (1) a substantial likelihood that they will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to the[m] unless the [stay] is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *In re Woide*, 730 F. App'x. 731, 737 (11th Cir. 2018) (internal quotations and citations omitted).[2]

The Court finds that consideration of the risk of irreparable injury to Appellee unless the stay is granted is of paramount importance. Due to the potential damage to Appellee if the stay is not granted—that the case would be remanded to the state court and any appeal at the circuit court would be considered moot—the Court finds that a stay pending appeal is the most appropriate remedy.

---

[1] Rule 8025 as amended, effective December 1, 2014, was derived from former Rule 8017. Except for subdivision (c), no new language was added to 8025that, in the Court's view, alters the applicable standard of review. The Court therefore relies on pre-2014 case law interpreting former Rule 8017.

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Appellee's Motion to Stay (Doc. 76) is **GRANTED**.

2. This Court's Order (Doc. 75) reversing and remanding to the Bankruptcy Court for the Middle District of Florida is **STAYED** pending the outcome of Appellee's appeal.

3. The parties are **DIRECTED** to provide a status report to the Court on Wednesday, January 22, 2020, and every thirty (30) days thereafter.

4. The Clerk is **DIRECTED** to administratively close the file.

**DONE AND ORDERED** in Orlando, Florida on December 23, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties